UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CRYSTAL R. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-CV-219 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 13], and the defendant's Motion For Summary Judgment. [Doc. 17]. Plaintiff Crystal R. Miller ("Miller") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 48 years of age when the ALJ issued his decision in August, 2008 (Tr. 43). She has a bachelor's degree in liberal arts (Tr. 26). She has work experience in the fields of property management, receptionist, and temporary employment agencies (Tr. 282).

The Court has considered the medical evidence in the record, the testimony at the

hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

The parties have filed Memoranda [Docs. 14, 18]. The Commissioner also filed a supplemental Memorandum [Doc. 23].

## POSITIONS OF THE PARTIES

Miller alleges that she has been disabled since January, 2004, due to fibromyalgia, migraine headaches, and TMJ, along with depression (Tr. 31-32).

Miller argues that the ALJ committed error by violating the "Treating Source Rule," 20 C.F.R. § 404.1527(d)(2). Specifically, Miller asserts that the ALJ "ignored" the opinions of Miller's psychiatrist, Lane Cook, M.D., and her neurologist, Greg Wheatley, M.D. Dr. Cook diagnosed Miller with major depressive disorder, recurrent, moderate, and with panic disorder without agoraphobia (tr. 347-348). He completed a form entitled Medical Record Summation Inquiry in which he stated that Miller's "fatigue would make it impossible to work a full day. . ." (Tr. 439-443).

Dr. Wheatley completed a form entitled "Treating Relationship Inquiry," in which he stated that Miller's headache disorder caused disabling limitations (Tr. 445-450).

The Commissioner argues that even though the ALJ did not "expressly discuss" Dr. Cook's 2010 opinions, the ALJ's Decision provides "an indirect attack" on the supportability and consistency of those opinions. Similarly, with regard to Dr. Wheatley's 2010 opinions, the Commissioner argues that the ALJ's Decision provides "an indirect, but relevant, attack" on

2

them. The Commissioner concludes that the ALJ's "non-compliance with the letter of the regulation" regarding the Treating Source Rule is harmless error.

### **ANALYSIS AND BASIS FOR REMAND**

For the reasons that follow, the Court finds that a remand is appropriate and necessary in this case. The ALJ must be given the opportunity to directly address the opinions of Dr. Cook and Dr. Wheatley, and to explain the weight, if any, to be given to them. The ALJ's "indirect attack" on those opinions does not meet the standard set by the case law.

Under the treating physician rule, "the Commissioner has mandated that the ALJ 'will' give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides not to give the opinion of a treating physician controlling weight, "he must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2))). The ALJ has a clear duty to "always give good reasons in [the] notice of determination or decision for the weight [it] give[s] [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The good reasons given must always be supported by evidence of record and must be "'sufficiently specific to make clear to any subsequent reviewers the weight the

3

adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 937 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

The purpose behind the requirement that good reasons be given is "to safeguard the claimant's procedural rights[,]" and "is intended 'to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not.'" Cole, 661 F.3d at 937-38 (quoting Wilson, 378 F.3d at 544).

"A finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 408 (6th Cir. 2009). "In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned." Cole, 661 F.3d at 938.

"On the other hand, opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). These are instead weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." Id. (citing 20 C.F.R. § 404.1527(c)).

Dr. Cook and Dr. Wheatley completed evaluation forms in early 2010, which indicated that Miller, in their opinion, had medical conditions and related limitations with arguably support a finding of disability. The Court finds that the ALJ erred by failing to directly address, evaluate, and assign weight to the treating source opinions of Dr. Cook and Dr. Wheatley. Even finding

4

that a treating source opinion is not entitled to controlling weight does not automatically mean that it should be entitled to no weight. Blakley, 581 F.3d at 408. An ALJ not assigning a specific weight to a treating source opinion "alone constitutes error[.]" Cole, 661 F.3d at 938 (citing Blakley, 581 F.3d at 408). Therefore, reviewing the ALJ's opinion in light of Gayheart and other recent Sixth Circuit jurisprudence, the Court finds that the ALJ did not properly apply the treating physician rule to the case at hand.

Accordingly, the Court finds that the ALJ failed to appropriately and fully apply the proper legal standards to plaintiff's case, and the Court must decide whether this error demands that the case be remanded. The Sixth Circuit "has made clear that '[it] do[es] not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion and [the Sixth Circuit] will continue remanding when [it] encounter[s] opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." Cole, 661 F.3d at 939 (quoting Hensley v. Astrue, 573 F.3d 263, 267 (6th Cir. 2009) (citation and internal quotation marks omitted)). The Court will not remand the case if the violation is harmless error. A violation of the good reasons rule can be deemed "harmless error" if:

> "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation."

Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted).

The Court does not find that any of those exceptions apply here. Upon review of the record, the Court does not find the opinions expressed in the evaluation forms to be patently

5

deficient (Tr. 439-443; Tr. 445-450). The Court does not find that the ALJ adopted their opinions, and he did not make findings sufficiently consistent with the findings in the evaluation forms to satisfy the second exception. Last, the ALJ's opinion does not sufficiently explain to plaintiff what weight, if any, he gave to plaintiff's treating physicians' opinions or his reasons for giving that weight. Therefore, "the Commissioner cannot show that, despite his failure to comply with the terms of 20 C.F.R. § 1527(c)(2), he has otherwise met the regulation's goal." Gayheart, 710 F.3d at 380.

The Court can only conclude that this matter must be remanded. That being said, it is not certain that the record establishes disability, and certain parts of the record are troubling in light of the alleged bases for disability. For example, the Plaintiff admitted to activities of daily living inconsistent with debilitating pain or depression. Also, her history of medical treatment is not reflective of the seriousness of her complaints, for example, the control of her headaches through medication. Also troubling is the fact that the record lacks objective medical test results which would establish a physical condition which would be expected to cause the limitations alleged by the Plaintiff. These are matters for the ALJ to address on remand.

It is **RECOMMENDED** (1) that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation; (2) that the Plaintiff's Motion For Judgment On The Pleadings [Doc. 13] be **GRANTED** only for remanding this case; and (3) that the Defendant's Motion For Summary Judgment [Doc. 17] be **DENIED**.[2]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

7